UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RAZOR ENTERPRISE, INC.,** | : | |
| **RAZOR FREIGHT SERVICES, LTD.,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 11-6788 (ES) |
| | : | |
| v. | : | |
| | : | |
| **AEXIM USA INC.,** | : | **OPINION AND ORDER** |
| | : | |
| Defendant. | : | |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiffs Razor Enterprise, Inc. and Razor Freight Services, Ltd. ("Plaintiffs") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1); and the Court, having considered Plaintiffs' submissions, and it appearing that:

1. Plaintiffs commenced this civil action on November 11, 2011. (D.E. No. 1).

2. Plaintiffs filed an amended complaint on January 24, 2012. (D.E. No. 4).

3. Plaintiffs purported to serve Defendant Aexim USA Inc. with a copy of the summons and complaint by service to The State of New Jersey Department of the Treasury on February 27, 2012. (D.E. No. 7).

4. The time for answering the complaint has expired, and Defendant has neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the complaint.

5. On March 1, 2012, Plaintiffs sent the Clerk of Court a letter requesting that default be entered against Aexim USA Inc. (D.E. No. 8).

6. On March 2, 2012, the Clerk of Court entered default as to Defendant. (D.E. dated Mar. 2, 2012).

7. On April 6, 2012, Plaintiffs filed a motion for default judgment. (D.E. No. 11).

8. On November 9, 2012, Plaintiffs' first motion for default judgment was denied by Letter Order for failure to comply with the Local Civil Rules. (D.E. No. 12).

9. On November 12, 2012, Plaintiffs filed the instant motion for default judgment. (D.E. No. 13).

10. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

11. Plaintiffs did not provide evidence demonstrating why substituted service was proper.

12. Plaintiffs also did not provide evidence of the contract between the parties, nor did Plaintiffs provide evidence of the alleged checks that were non-negotiable by reason of insufficient funds.

13. Therefore, the Court denies Plaintiffs' motion for default judgment without prejudice and directs Plaintiffs to submit evidence for why substituted service to The State of New Jersey Department of the Treasury was proper, as well as any additional proper evidence.

Accordingly, IT IS on this 20th day of May, 2013, **ORDERED** that Plaintiffs' motion is DENIED without prejudice.

                                                  *s/Esther Salas*
                                                  **Esther Salas, U.S.D.J.**