E241

**Giuliano McDonnell & Perrone, LLP**
**139 Prospect Street, 2nd Floor**
**Ridgewood, New Jersey 07450**
**Telephone:  (201) 882-0153**
**Facsimile:    (201) 882-0128**
**Joseph J. Perrone, Esq.**
**Matthew M. Gorden, Esq.**
**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------x
RAZOR ENTERPRISE, INC., and
RAZOR FREIGHT SERVICES, LTD.,

                          Plaintiffs,      Civil Action No.: 11-CV-06788 (ES)(JAD)

    -against-                      **DECLARATION IN**
                                      **RESPONSE TO NOTICE**
AEXIM USA INC.,                    **OF CALL FOR DISMISSAL**

                          Defendant.
----------------------------------------------------------------x

      I, Matthew M. Gorden, Esq., declare under the penalties of perjury under the laws of the United States that the following is true and correct:

      1.    I am a member of the Bar of this Court and represent the Plaintiffs herein.  I am familiar with the facts of this case and make this declaration in response to the Notice of Call for Dismissal Pursuant to General Rule 41.1, which is Entry 16 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

      2.    On November 18, 2011, plaintiffs commenced this action by filing a Complaint against Aexim USA, Inc. ("Aexim"), pursuant to 28 U.S.C. § 1332 (2006), diversity of citizenship of the parties, in that: plaintiff Razor Enterprise, Inc. is a New York entity, plaintiff Razor Freight Services, Ltd. is a foreign entity, defendant Aexim is a New Jersey Corporation, and the amount

in controversy exceeds $75,000.00, exclusive of interest and costs.  The Complaint is Entry 1 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

       3.       On January 24, 2012, plaintiffs filed an Amended Complaint against Aexim USA, Inc., correcting all iterations of defendant's name found throughout the initial filings, such that they now consistently read "Aexim USA, Inc."  The Amended Complaint is Entry 4 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

       4.       On February 3, 2012, plaintiffs served defendant Aexim USA, Inc. ("Aexim") with the Summons and Amended Complaint, and filed proof of same with this Court on February 27, 2012.  The Proof of Service is Entry 7 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

       5.       On March 2, 2012, the Clerk of the Court entered a certificate noting the default of Aexim.  The certificate of default is Entry 9 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

       6.       On April 6, 2012, plaintiffs made their first motion for a default judgment, which was denied on procedural grounds by letter order of the Honorable Esther Salas, dated November 9, 2012.  Judge Salas' letter order is Entry 12 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

       7.       On November 12, 2012, plaintiffs made their second motion for a default judgment, which was denied on three grounds by order of the Honorable Esther Salas, dated May 20, 2013.  The three grounds were: (1) a lack of evidence establishing why substituted service was proper; (2) a lack of evidence of the contract between the parties; and (3) a lack of evidence supporting plaintiffs' allegations that Aexim's checks were non-negotiable by reason of insufficient funds.

Judge Salas' order is Entry 14 in the civil docket for case number 2:11-cv-06788-ES-JAD in the District of New Jersey.

8. Since the entry of Judge Salas' May 20, 2013 order, plaintiffs have undertaken efforts to locate and/or develop the evidence requested by her Honor. The undersigned has drafted a declaration, with supporting exhibits, outlining the great efforts that plaintiffs went to in order to serve Aexim with process. It was not until all possibilities had been exhausted that plaintiffs served Aexim through the State of New Jersey's Department of the Treasury, pursuant to New Jersey law. Plaintiffs have performed a search of their records to locate the bills of lading, *i.e.*, contracts, that date back to 2009 and are at issue herein. In addition, the plaintiffs have performed a search of their records to locate copies of the letters issued by HSBC Bank, noting that Aexim's checks were non-negotiable by reason of insufficient funds. To marshal the evidence and in support of plaintiffs' refined claims, the president of Razor Enterprise, Inc. is drafting a declaration setting forth same.

9. By September 23 or 24, 2013, plaintiffs will be able to move for a default judgment for the third time. All of the evidentiary issues raised by Judge Salas in her May 20, 2013 order will be addressed in the declarations submitted by the undersigned and by the president of Razor Enterprise, Inc., along with the exhibits appended thereto.

**WHEREFORE**, plaintiffs' request that the Clerk of the Court withdraw his Notice of Call for Dismissal Pursuant to General Rule 41.1 and permit plaintiffs to move for a default judgment on or before September 25, 2013.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiffs, and that no part thereof has been paid.

Dated: Ridgewood, New Jersey
       September 20, 2013

By: _____
Matthew M. Gorden
Giuliano McDonnell & Perrone, LLP
*Attorneys for Plaintiffs*
139 Prospect Street, 2nd Floor
Ridgewood, New Jersey 07450
Telephone: (201) 882-0153
Facsimile: (201) 882-0128