NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAZOR ENTERPRISE INC., and RAZOR FREIGHT SERVICES, LTD., | |
| Plaintiffs, | Civil Action No.: 11-6788 (ES) |
| v. | MEMORANDUM OPINION & ORDER |
| AEXIM USA INC. | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of Plaintiffs Razor Enterprise Inc. and Razor Freight Services, Ltd. (collectively "Razor") for default judgment pursuant to Federal Rule of Civil Procedure 55, and the Court having considered Razor's submissions, (D.E. No. 33), and it appearing that:

1. On November 18, 2011, Razor commenced this action by filing a Complaint against Aexim USA, Inc. ("Aexim"), pursuant to 28 U.S.C. § 1332.  (*See* D.E. No. 1).  Plaintiff Razor Enterprise Inc. is a New York entity, Plaintiff Razor Freight Services, Ltd. is a foreign entity, Razor Cargo Services is an unincorporated division or "d/b/a" of Razor Enterprise Inc., Defendant Aexim is a New Jersey Corporation, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  (D.E. No. 33-1, Declaration of Matthew M. Gorden, Esq. in Support of Plaintiffs' Request for a Default Judgment ("Gorden Decl.") ¶ 2).

2. On January 24, 2012, Razor filed an amended complaint.  (D.E. No. 4).

3. On April 6, 2012, Razor filed their first motion for default judgment with respect to the amended complaint.  (D.E. No. 11).

4. On November 9, 2012, Razor's first motion for default judgment was denied by Letter Order for failure to comply with the Local Civil Rules. (D.E. No. 12).

5. On November 12, 2012, Razor filed a second motion for default judgment. (D.E. No. 13).

6. On May 20, 2013, this Court denied the second motion for default without prejudice for failing to provide evidence demonstrating why substituted service was proper or evidence of a sufficient cause of action. (D.E. No. 14).

7. On September 23, 2013, Razor filed a third motion for default judgment. (D.E. No. 19).

8. On May 8, 2014, this Court held oral argument on the third motion for default judgment, during which the Court dismissed the motion without prejudice and instructed Razor to file a second amended complaint. (D.E. No. 21; *see also* D.E. No. 22).

9. On May 15, 2014, Razor filed a second amended complaint. (D.E. No. 23).

10. Razor conducted a business entity search and instructed a process server to effect personal service on Aexim at three separate addresses. (Gorden Decl. ¶¶ 11–12). The process server was unable to serve Aexim at any of the three addresses. (*Id.* ¶ 13; D.E. Nos. 27–29).

11. Razor then instructed the process server to serve Aexim pursuant to N.J.S.A. 2A:15-30.1, *i.e.*, substituted service, by serving Aexim through the State of New Jersey's Department of the Treasury. (Gorden Decl. ¶ 14). On June 17, 2014, the process server successfully effectuated substituted service. (D.E. No. 30).

12. The time for answering the complaint has expired, and Aexim has neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the complaint.

13. On July 11, 2014, Razor sent the Clerk of Court a letter requesting that default be entered against Aexim. (D.E. No. 31).

14. On July 16, 2014, the Clerk of Court entered default as to Aexim. (D.E. dated July 16, 2014; D.E. No. 32).

15. On July 22, 2014, Razor filed the instant motion for default judgment as to the claims set forth in the second amended complaint. (D.E. No. 33).

16. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

17. First, the Court finds that Razor has provided sufficient proof of service. The Federal Rules of Civil Procedure require that a plaintiff serve a defendant corporation, partnership, or association with a summons and complaint "in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) of the Federal Rules of Civil Procedure states that when serving an individual with a summons and complaint, service of process may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* 4(e)(1). "Under New Jersey law, personal service is the primary method to serve an individual located within the state. N.J. Ct. R. 4:4-4(a). Rule 4:4-4(b), however, permits substituted service when personal service cannot be effectuated in accordance with Rule 4:4-4 (a)." *Howard Johnson Int'l v. C.C. Host L.L.P.*, 2005 U.S. Dist. LEXIS 25153, at *3 (D.N.J. Oct. 21, 2005). New Jersey law permits plaintiffs to serve process on corporate defendants by serving the State of New Jersey's Department of the Treasury. *LimoStars, Inc. v. N.J. Car & Limo, Inc.*, 2011 WL 3471092, at *3 (D. Ariz. Aug. 8, 2011) (citing *B&B Realty Assocs.*

3

*v. J&S Mgmt. Enters.*, 2008 WL 4681981, at *5 (N.J. Super. Ct. App. Div. Oct. 22, 2008) ("We are satisfied that there was good service on" the corporate defendant when service on statutory agent could not be effectuated, counsel served the New Jersey Department of Treasury on behalf of corporation pursuant to N.J.S.A. 2A:15-30.14)). As detailed in the declaration of Mr. Gorden, after attempting to serve Aexim at three different locations—two of which the defendant listed as proper addresses with the State of New Jersey's Department of the Treasury—Razor served the second amended complaint on Aexim via substituted service. (Gorden Decl. ¶¶ 11–14 and accompanying exhibits). Thus, the Court is satisfied that Aexim was served with the second amended complaint via substituted service.

18. Second, the Court finds that there has been a sufficient cause of action stated. Razor's second amended complaint sets forth allegations of breach of contract and account stated. (D.E. No. 33-3, Brief In Support of Plaintiffs' Motion for a Default Judgment ("Razor Br.") at 3–6).

19. To establish a breach of contract claim under New Jersey law, "a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract, and that the plaintiff sustained damages as a result." *Peck v. Donovan*, 565 F. App'x 66, 69–70 (3d Cir. 2012) (citing *Murphy v. Implicito,* 920 A.2d 678, 689 (N.J. App. Div. 2007). A bill of lading is a contract for the carriage of goods and the Carmack Amendment governs the liability thereunder. *See Usinor Steel Corp. v. Norfolk S. Corp.*, 308 F. Supp. 2d 510, 517–18 (D.N.J. 2004). As detailed more fully in the Declaration of Shahryar M.A. Haq and the accompanying exhibits, in or about October and November of 2009, Razor and Aexim were engaged in a business relationship governed by bills of lading involving the shipment of garments. (D.E. No. 33-2, Declaration of Shahryar M.A. Haq in Support of Plaintiffs' Motion for a Default Judgment ("Haq Decl.") ¶¶ 3–6). Razor performed their duties under the contracts by

safely shipping, delivering, and/or releasing certain goods to Aexim, but Aexim failed to fully pay for their transport, despite taking possession. (*Id.* ¶¶ 7–17). As a direct result, Razor incurred damages in the amount of $50,000.00. (*Id.* ¶¶ 18–22).

20. To prevail on an account stated action in the District of New Jersey, where diversity jurisdiction exists, the plaintiff must prove that: (1) there was either an express or an implied agreement as to the amount due; and (2) the account was in fact stated or agreed to. *ASCO Power Techs., L.P. v. PEPCO Techs. L.L.C.*, 2006 U.S. Dist. LEXIS 76368, at *21 (D.N.J. Oct. 19, 2006). "[S]ilence on behalf of the debtor can result in acquiescence to the sum due if the debtor does not respond for a reasonably long period of time." *Id.* at *21–22. Additionally, beginning in September 2009 and concluding in January 2010, Razor provided freight forwarding services directly to Aexim. (Haq Decl. ¶¶ 23–25). Razor performed its freight forwarding duties with respect to nineteen containers and Aexim took possession of the underlying goods. (*Id.* ¶ 26). Razor issued nineteen invoices to Aexim, with an outstanding total amount due of $49,163.25. (*Id.* ¶¶ 27–30). To date, Aexim has neither disputed the nineteen invoices, nor made any additional payments towards them. (*Id.* ¶ 31). As a direct result, Razor incurred damages in the amount of $49,163.25. (*Id.* ¶ 32). Between the two causes of action, Razor incurred damages in the amount of $99,163.25. (*Id.* ¶¶ 33, 34).

21. Third, to determine whether granting default judgment is proper, the Court must consider three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject the default. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 537 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987)). "However, these factors are more applicable to situations where the defaulting party has made an appearance, particularly where the party wishes

to reopen a previously entered default." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, 2007 WL 1674485, at *3 (D.N.J. June 8, 2007) (citation omitted). In cases similar to the instant matter, where the defendant has failed to plead or otherwise defend, courts have held that they are "not in a position then to determine whether [defendants have] a meritorious defense or whether any delay is the result of culpable misconduct." *Id.* (quotation omitted). In those same cases, the courts have also held that because plaintiffs have no other recourse to pursue against the defendants, the plaintiffs would be prejudiced if a default judgment were not granted. *Id.* at 5. Here, the Court adopts the same rationale. Aexim has not answered the complaint or availed itself of the opportunity to defend against Razor's allegations, and if default judgment is not entered, there are no other avenues available to Razor.

Accordingly, IT IS on this 24th day of February 2015,

**ORDERED** that Razor's motion for default judgment, (D.E. No. 33), is hereby GRANTED; and it is

**ORDERED** that judgment is entered against Aexim in favor of Razor in the amount of $99,163.25 plus pre- and post-judgment interest, as well as litigation costs, from the date(s) of breach(es) until the entire amount is paid, given the following showing by Defendants:

1. $50,000.00 for breach of contract related to bills of lading. (*See* Haq Decl. ¶¶ 3–22 and accompanying exhibits).

2. $49,163.25 for account stated related to freight forwarding services. (*See* Haq Decl. ¶¶ 23–32 and accompanying exhibits).

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*s/ Esther Salas*
**Esther Salas, U.S.D.J**